**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  08-cv-01291-RPM-KMT

Amkor Natural Gas Company, a Colorado corporation

       Plaintiff,

v.

Spark Energy Gas, LP, a Texas limited partnership,

       Defendant.

v.

Michael Gregory, a Colorado resident, Rhett C. Shumway, a Colorado resident, RnD Energy, LLC, a Colorado limited liability company and Asgard Energy, LLC, a Colorado limited liability company.

       Third-Party Defendants.

---

**ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

---

Spark Energy Gas, LP, a Texas limited partnership ("Spark Energy" or "Defendant"), by and through its counsel, Paul R. Franke, III and Charles Greenhouse of the firm Franke Greenhouse List & Lippitt LLP, for its Answer, Counterclaims and Third-Party Complaint, states as follows:

    1.    Defendant is without sufficient information or belief to know the truth or falsity of paragraph 1 of the complaint and therefore denies the same.

    2.    Defendant admits paragraph 2 of the complaint.

    3.    Defendant admits paragraph 3 of the complaint.

4. Defendant denies paragraph 4 of the complaint.

5. Defendant denies paragraph 5 of the complaint.

6. Defendant admits paragraph 6 of the complaint.

7. Defendant is without sufficient information or belief to know the truth or falsity of paragraph 7 of the complaint and therefore denies the same.

8. Defendant denies paragraph 8 of the complaint because it is an inaccurate, incomplete and/or vague and ambiguous description of the relationship between the parties.

9. Defendant denies paragraph 9 of the complaint because it is an inaccurate, incomplete and/or vague and ambiguous description of the relationship between the parties.

10. Defendant denies paragraph 10 of the complaint because it is an inaccurate, incomplete, vague and ambiguous description of the relationship between the parties.

11. Defendant denies paragraph 11 of the complaint because it is an inaccurate, incomplete, vague and ambiguous description of the relationship between the parties.

12. Defendant denies paragraph 12 of the complaint because it is an inaccurate, incomplete, vague and ambiguous description of the relationship between the parties.

13. Defendant denies paragraph 13 of the complaint.

14. Defendant denies paragraph 14 of the complaint because it is an inaccurate, incomplete, vague and ambiguous description of the relationship between the parties.

15. Defendant denies paragraph 15 of the complaint.

16. Defendant denies paragraph 16 of the complaint.

17. Defendant denies paragraph 17 of the complaint.

18. Defendant denies paragraph 18 of the complaint.

19. Defendant incorporates its responses above into its response to paragraph 19 of the complaint.

20. Defendant denies paragraph 20 of the complaint.

21. Defendant denies paragraph 21 of the complaint.

22. Defendant denies paragraph 22 of the complaint.

23. Defendant denies paragraph 23 of the complaint.

24. Defendant denies paragraph 24 of the complaint.

25. Defendant denies paragraph 25 of the complaint.

26. Defendant denies paragraph 26 of the complaint.

27. Defendant denies paragraph 27 of the complaint.

28. Defendant incorporates its responses above into its response to paragraph 28 of the complaint.

29. Defendant denies paragraph 29 of the complaint.

30. Defendant denies paragraph 30 of the complaint because it is an inaccurate, incomplete, vague and ambiguous description of the relationship between the parties.

31. Defendant denies paragraph 31 of the complaint because it is an inaccurate, incomplete, vague and ambiguous description of the relationship between the parties.

32. Defendant denies the first sentence of paragraph 32 of the complaint. Plaintiff expressly rejected the draft agreement attached as Exhibit A to the complaint; therefore, Defendant denies the second sentence of paragraph 32 of the complaint.

33. Defendant denies paragraph 33 of the complaint.

34. Defendant denies paragraph 34 of the complaint.

35. Defendant denies paragraph 35 of the complaint.

36. Defendant admits paragraph 36 of the complaint.

37. Defendant denies all allegations of the complaint not expressly admitted above.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

38. Plaintiff has failed to state a claim for which relief can be granted.

39. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

40. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

41. Plaintiff's claims are barred by the doctrines of setoff and/or recruitment.

42. Plaintiff failed to mitigate its damages, if any.

43. Plaintiff's claims are barred because it is not the real party in interest.

44. Plaintiff's claims are barred because it has failed to join indispensable parties.

45. Plaintiff's claims are barred by its breach of contract.

46. Plaintiff's claims are barred by the statute of frauds.

47. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

48. Plaintiff's claims are frivolous and groundless, in whole or in part, pursuant to C.R.S. § 13-17-101, *et seq*.

49. Defendant reserves the right to amend this Answer to add additional defenses or counterclaims during the course of this litigation.

WHEREFORE, Defendant prays for an Order of the Court dismissing all of Plaintiff's claims with prejudice, awarding Defendant its attorneys' fees and costs incurred in defending against this action, and awarding such other and further relief as the Court deems just and proper.

## **COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

### **JURISDICTION**

Spark Energy hereby asserts the following counterclaims against Plaintiff and third-party claims against Michael Gregory, Rhett C. Shumway, RnD Energy, LLC, a Colorado limited liability company, and Asgard Energy, LLC, a Colorado limited liability company.

1.      Spark Energy is a Texas limited partnership with its principal place of business at 3010 Briarpark Drive, #550, Houston, TX 77042.

2.      Upon information and belief, Plaintiff, Amkor Natural Gas Company, is a Colorado limited liability company ("Amkor") with its principal offices at 3773 Cherry Creek North, Suite 575, Denver, Colorado 80209.

3.      Upon information and belief, Michael Gregory is a resident of the State of Colorado ("Gregory").

4.      Upon information and belief, Rhett C. Shumway is a resident of the State of Colorado ("Shumway").

5.      Upon information and belief, RnD Energy, LLC, is a Colorado limited liability company with its principal place of business in the State of Colorado ("RnD").

6.      Upon information and belief, Asgard Energy, LLC, is a Colorado limited liability company with its principal place of business in the State of Colorado ("Asgard").

7. The damages claimed in the counterclaims and third-party complaint by Spark Energy against Amkor and the Third-Party Defendants exceed the principal amount of Seventy Five Thousand Dollars ($75,000.00).

8. Jurisdiction is asserted pursuant to the following statutory authority: 28 U.S.C. § 1332(a).

## GENERAL ALLEGATIONS

9. Spark Energy is in the business of providing retail residential, commercial, and industrial natural gas to homes and businesses in various territories across the United States.

10. Spark Energy and Amkor, Gregory, Shumway and RnD were involved in a joint venture under which Amkor, Gregory, Shumway and RnD referred Colorado customers to Spark Energy.

11. Gregory owns Amkor.

12. Gregory does business under or through Amkor.

13. Shumway is an interest holder in RnD, a joint-venture between Shumway and one, David Vastine.

14. Shumway does business under or through RnD.

15. The joint venture commenced on or about April 2001 and ended in March 2008.

16. Under the joint venture, Amkor, Gregory, Shumway and RnD owed fiduciary duties to Spark Energy.

17. In the alternative, Amkor, Gregory, Shumway and RnD had an agency or other relationship under which they had certain express and implied duties to Spark Energy.

18. Amkor, Gregory, Shumway and RnD were obligated to deal with Spark Energy in good faith.

19. During this relationship, Amkor, Gregory, Shumway and RnD decided, without the knowledge or consent of Spark Energy, to form a separate energy supply company and systematically move Spark Energy's customers to their new company, Asgard.

20. To effectuate this plan, Amkor, Gregory, Shumway and RnD made inaccurate and defamatory statements to Spark Energy's customers.

21. Among other statements, Amkor, Gregory, Shumway and RnD told certain Spark Energy's customers that Spark Energy was restructuring and led these customers to their new company through the guise that Asgard was the restructured Spark Energy.

22. Amkor, Gregory, Shumway and RnD told certain customers of Spark Energy that Spark Energy was going out of business.

23. Amkor, Gregory, Shumway and RnD falsely told certain customers of Spark Energy that Spark Energy was terminating contracts with those customers.

24. Amkor, Gregory, Shumway and RnD made numerous false and misleading statements to certain customers of Spark Energy in order to induce these customers to move to their new company, Asgard.

25. Amkor, Gregory, Shumway and RnD made various efforts to sabotage the relationship between Spark Energy and customers of Spark Energy to induce these customers to move to their new company, Asgard.

26. Amkor, Gregory, Shumway and RnD provided false and misleading information to Spark Energy so that Spark Energy would not be aware of the reasons that it was losing its customers.

27. Further, Amkor, Gregory, Shumway, RnD and Asgard used confidential and proprietary pricing information of Spark Energy in order to offer slightly better prices to customers of Spark Energy to induce these customers to move to their new company, Asgard.

### FIRST COUNTERCLAIM AND THIRD-PARTY CLAIM
**(Declaratory Judgment)**

28. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

29. The relationship of the parties for the subject transactions was a joint venture.

30. Upon information and belief, Amkor, Gregory, Shumway and RnD dispute the nature of the relationship they had with Spark Energy and therefore a controversy exists as to the nature of the relationship between the parties.

31. Spark Energy proposed a new agreement in December 2007 which would have changed the nature of the relationship from a joint venture to a principal-agency relationship.

32. Amkor, Gregory, Shumway and RnD rejected that agreement and stated that the relationship between the parties had been and should remain a joint venture.

33. The December 2007 agreement was never executed and the parties continued to operate as a joint venture.

34. Only after ceasing to operate under the joint venture did Amkor, Gregory, Shumway and RnD take the position that the December 2007 agreement controlled the relationship of the parties.

35. The Court has authority under C.R.C.P. 57 to declare the rights and legal relationship between the parties.

## SECOND COUNTERCLAIM AND THIRD-PARTY CLAIM
### (Breach of Fiduciary Duty)

36. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 35 above into this claim as though fully set forth herein.

37. As joint venturers with Spark Energy, Amkor, Gregory, Shumway and RnD owed fiduciary duties to Spark Energy.

38. Amkor, Gregory, Shumway and RnD breached their fiduciary duties to Spark Energy by making false and misleading statements to customers of Spark Energy and diverting customers of Spark Energy.

39. Amkor, Gregory, Shumway and RnD breached their fiduciary duties to Spark Energy by misusing confidential trade secrets and pricing information to the detriment of Spark Energy and for their own benefit.

40. Spark Energy has been damaged by the breaches of fiduciary duty by Amkor, Gregory, Shumway and RnD.

## THIRD COUNTERCLAIM AND THIRD-PARTY CLAIM
### (Tortious Interference With Contractual Relations)

41. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

42. Spark Energy had existing contracts with the customers of Spark Energy that were diverted to Asgard through the fraudulent and improper methods described herein.

43. Amkor, Gregory, Shumway, RnD and Asgard were aware of the contracts with these customers.

44. Amkor, Gregory, Shumway, RnD and Asgard, by words and conduct, interfered with these contracts by causing the customers to not perform or terminate these contracts with Spark Energy.

45. Amkor, Gregory, Shumway, RnD and Asgard's interference with these contracts was improper.

46. Spark Energy was damaged by the interference with these contracts by Amkor, Gregory, Shumway, RnD and Asgard in an amount to be proven at trial.

### FOURTH COUNTERCLAIM AND THIRD-PARTY CLAIM
**(Fraud)**

47. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

48. Gregory and Amkor made false and misleading statements to Spark Energy, including, without limitation, the following:

   a. That Idaho Pacific was not renewing with Spark Energy because they could get their supply elsewhere. In fact, Idaho Pacific became a customer of Asgard.

   b. That several Exempla doctor's offices were unhappy with the prices being charged by Spark Energy. Based upon the miscommunication given to the offices by Gregory on behalf of Amkor, the offices switched over to another retail natural gas supplier.

      c. On February 25, 2008, that Gregory was conferring with customers of Spark Energy to renew their contracts with Spark Energy when in fact he was diverting them to Asgard.

      d. On February 27, 2008, that several customers were not continuing their relationships with Spark Energy because they did not like the pricing by Spark Energy, even though he was in fact diverting these customers to Asgard.

49. These fraudulent statements were material.

50. At the time Gregory and Amkor made these fraudulent statements, they knew they were false.

51. Gregory and Amkor made these fraudulent statements to Spark Energy knowing that Spark Energy would rely on them and not pursue further efforts to obtain contracts with these customers.

52. Spark Energy relied on these fraudulent statements to not further pursue contracts with these customers.

53. Spark Energy's reliance on these fraudulent statements was justified.

54. Spark Energy's reliance on these fraudulent statements caused damage and losses to Spark Energy in an amount to be proven at trial.

### FIFTH COUNTERCLAIM AND THIRD-PARTY CLAIM
**(Deceptive Trade Practices)**

55. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

56. Amkor, Gregory, Shumway, RnD and Asgard engaged in deceptive trade practices under the Colorado Consumer Protection Act by making the false representations to Spark Energy and to the customers of Spark Energy as described herein.

57. The deceptive trade practices occurred in the course of the business of Amkor, Gregory, Shumway, RnD and Asgard.

58. The deceptive trade practices of Amkor, Gregory, Shumway, RnD and Asgard significantly impacted the public as actual and potential customers of Spark Energy.

59. Spark Energy's business was injured as a result of the deceptive trade practices of Amkor, Gregory, Shumway, RnD and Asgard.

60. The deceptive trade practices of Amkor, Gregory, Shumway, RnD and Asgard resulted in damages to Spark Energy in an amount to be proven at trial, including treble damages, attorneys' fees and costs.

### SIXTH COUNTERCLAIM AND THIRD-PARTY CLAIM
**(Defamation)**

61. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

62. Amkor, Gregory, Shumway and RnD made false and defamatory statements about Spark Energy to the customers and potential customers of Spark Energy.

63. Amkor, Gregory, Shumway and RnD published these false and defamatory statements about Spark Energy by communicating them directly to the customers of Spark Energy.

64. The statements were defamatory.

65. The defamatory statements were about Spark Energy.

66. The publication of the defamatory statement caused special damages to Spark Energy in an amount to be proven in trial.

### SEVENTH COUNTERCLAIM AND THIRD-PARTY CLAIM
(Unfair Competition)

67. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

68. Spark Energy has acquired a significance in the natural gas industry such that consumers, and Spark Energy customers in particular, identify Spark Energy and its name with its particular business values and the services it provides.

69. Amkor, Gregory, Shumway and RnD made numerous false and misleading statements to certain customers of Spark Energy in order to induce these customers to move to their new company, Asgard.

70. Amkor, Gregory, Shumway and RnD falsely told certain of Spark Energy's customers that Spark Energy was restructuring, and wrongfully led these customers to believe that Asgard was the restructured Spark Energy.

71. Amkor, Gregory, Shumway, RnD and Asgard falsely told certain customers of Spark Energy that Spark Energy was terminating contracts with those customers and that Spark Energy was going out of business.

72. Amkor, Gregory, Shumway, RnD and Asgard thereby deceived and confused the public as to the source of Spark Energy's services, and the nature of Spark Energy's business and business values.

73. Such conduct on the part of Amkor, Gregory, Shumway, RnD and Asgard constitutes unfair competition.

13

74. Spark Energy has suffered damages as a result of the unfair competition carried out by Amkor, Gregory, Shumway, RnD and Asgard in an amount to be proven at trial.

## EIGHTH COUNTERCLAIM AND THIRD-PARTY CLAIM
### (Civil Conspiracy)

75. Spark Energy hereby incorporates all of the allegations above into this claim as though fully set forth herein.

76. Amkor, Gregory, Shumway, RnD and Asgard conspired together to improperly divert the customers of Spark Energy from Spark Energy and to Asgard.

77. Amkor, Gregory, Shumway and RnD conspired together to breach their fiduciary duties to Spark Energy.

78. Amkor, Gregory, Shumway and RnD conspired together to tortuously interfere with the contracts between Spark Energy and the actual and potential customers of Spark Energy.

79. Amkor, Gregory, Shumway, RnD and Asgard conspired together to defraud Spark Energy.

80. Amkor, Gregory, Shumway, RnD and Asgard conspired together to use unfair trade practices to induce customers to move from Spark Energy to Asgard.

81. Among other acts, Amkor, Gregory, Shumway, RnD and Asgard conspired together to misuse the proprietary information and trade secrets of Spark Energy.

82. Amkor, Gregory, Shumway, RnD and Asgard conspired together to defame Spark Energy in order to induce customers to move from Spark Energy to Asgard.

83. Spark Energy was damaged by the conspiracy of Amkor, Gregory, Shumway, RnD and Asgard to commit these tortious acts in an amount to be proven at trial.

### NINTH COUNTERCLAIM AND THIRD-PARTY CLAIM
(Misappropriation of Trade Secrets)

84. Spark Energy hereby incorporates the allegations contained in paragraphs 1 through 27 above into this claim as though fully set forth herein.

85. Spark Energy's proprietary pricing information that it uses to acquire new customers, retain current customers and remain competitive constitutes a trade secret as defined by C.R.S.A. § 7-74-102.

86. Spark Energy expended significant effort and cost in developing its proprietary pricing and business strategy.

87. Spark Energy's pricing strategy is valuable to its business in that it has allowed Spark Energy to acquire and retain customers, and remain competitive in the natural gas industry.

88. Spark Energy has taken measures to protect and maintain the secrecy of its pricing strategy and information.

89. Amkor, Gregory, Shumway, RnD and Asgard willfully and maliciously misappropriated Spark Energy's trade secret pricing information by using it to form and maintain a competing business, to persuade Spark Energy customers to refrain from renewing their contracts with Spark Energy and to contract with their competing businesses instead, and to otherwise gain a competitive advantage over Spark Energy.

90. Amkor, Gregory, Shumway, RnD and Asgard willfully and maliciously misappropriated Spark Energy's trade secret pricing information at a time when they knew or had reason to know that their knowledge of the trade secret pricing information was acquired

15

under circumstances giving rise to a duty to maintain its secrecy or limit its use and/or was derived from or through a person who owed a duty to Spark Energy to maintain its secrecy or limit its use.

91. Spark Energy has been damaged by the misappropriation of its pricing strategy and information by Amkor, Gregory, Shumway, RnD and Asgard in an amount to be proven at trial, including exemplary damages and attorneys' fees under C.R.S.A. §§ 7-74-104 and 105.

**WHEREFORE** Spark Energy respectfully prays for entry of judgment as follows:

1. On its First Counterclaim and Third-Party Claim, a declaratory judgment that the relationship between the parties was a joint venture;

2. On its Second through Ninth Counterclaims and Third-Party Claims, that Spark Energy is entitled to damages against the Plaintiff and Third-Party Defendants in an amount to be proven at trial;

3. On its Fifth Counterclaim and Third-Party Claim, that Spark Energy is entitled to treble damages against the Plaintiff and Third-Party Defendants plus attorneys' fees;

3. On its Ninth Counterclaim and Third-Party Claim, that Spark Energy is entitled to exemplary damages against the Plaintiff and Third-Party Defendants plus attorneys' fees;

4. On all claims, for pre- and post-judgment interest, costs and attorneys' fees as allowed by law; and,

5. For such other and further relief as to Court deems appropriate under the circumstances of this case.

**DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted this 24th day of June, 2008.

                                       FRANKE GREENHOUSE LIST & LIPPITT LLP


                                       s/ Paul R. Franke, III
                                       Paul R. Franke, III
                                       Granite Building, Second Floor
                                       1228 Fifteenth Street
                                       Denver, Colorado  80202
                                       (303) 623-4500
                                       (303) 623-0960 – Facsimile
                                       E-mail: pfranke@fgll-law.com

                                       Counsel for Defendant Spark Energy Gas, LP

17

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of June, 2008, I electronically filed the foregoing ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Denise D. Riley, Esq.
    Aimee H. Wagstaff, Esq.
    Kamlet Shepard & Reichert, LLP
    1515 Arapahoe Street, Tower 1, Suite 1600
    Denver, CO 80202
    driley@ksrlaw.com
    awagstaff@ksrlaw.com

    s/ Paul R. Franke, III
    Paul R. Franke, III
    Counsel for Defendant Spark Energy Gas, LP
    Franke Greenhouse List & Lippitt LLP
    Granite Building, Second Floor
    1228 Fifteenth Street
    Denver, Colorado  80202
    (303) 623-4500
    (303) 623-0960 – Facsimile
    E-mail: pfranke@fgll-law.com