# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 08-CV-01291 – RPM – KMT



AMKOR NATURAL GAS COMPANY, a Colorado corporation

Plaintiff and Counterclaim Defendant,

v.

SPARK ENERGY GAS, LP, a Texas limited partnership,

Defendant and Counterclaim Plaintiff,

v.

MICHAEL GREGORY, a Colorado resident, RHETT C. SHUMWAY, a Colorado resident, RND ENERGY, LLC, a Colorado limited liability company, and ASGARD ENERGY, LLC, a Colorado limited liability company.

Third-Party Defendants.

## PROTECTIVE ORDER

Upon consideration of the stipulation of the Plaintiff/Counter Defendant, Defendant/Counter Plaintiff, and Third-Party Defendants, as reflected in their signatures hereto, for a Protective Order concerning certain information and documents provided during the course of this litigation, which the parties claim constitute sensitive and confidential information according to current law, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order, it is:

ORDERED as follows:

1. Any documents produced or exchanged by any of the parties to this action, or any of their attorneys, and any information contained in responses to interrogatories or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes contain confidential proprietary information, trade secrets, or

confidential personnel information, must be stamped as "Confidential" or "Attorneys Eyes Only." All documents and information so stamped and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and/or "for attorneys eyes only," and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

    a.    **"Confidential document"**: means any document that bears the legend (or that shall otherwise have recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or bears a similar legend to signify that it contains "Confidential material entitled to protection." A party or other person (including non-parties to this action) shall designate for confidential treatment only documents, items or information that the party or person believes in good faith contains personal or commercial material that is unavailable to the public and not readily available from other sources, and is treated by that party or person as confidential, and the disclosure of which to third parties reasonably could result in detriment to the designating party or person or the subject of the information disclosed.

    b.    **"Attorneys Eyes Only"**: means any document that bears the legend (or that shall otherwise have recorded upon it in a way that brings its attention to a reasonable examiner) "ATTORNEYS' EYES ONLY" or bears a similar legend to signify that it contains "highly sensitive material, the disclosure of which could cause a party irreparable competitive injury." A party or other person (including non-parties to this action) shall designate for Attorneys' Eyes Only such documents, items or information that the party or person believes in good faith contains material constituting either: (a) proprietary, confidential, or commercially sensitive financial or business information that is non-public and not readily ascertainable by the

public, (b) trade secret information, (c) non-public, proprietary, or confidential sales, pricing, or marketing information, or (d) non-public, proprietary, or confidential corporate and strategic planning information, the disclosure of which to third parties is reasonably likely to result in detriment to the designating party or person or the subject of the information disclosed.

2. Any party wishing to challenge the designation of any document as confidential or "attorneys eyes only" by the other party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information within ten (10) business days of said designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received by the designating party, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is filed within (30) thirty days after receiving notice from the objecting party, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

3. Neither the Information marked "Confidential" nor its contents shall be disclosed to any other person without the written consent of the party designating the information as confidential, except that counsel may, without further agreement or Court Order, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) attorneys and legal assistants, whether employees or independent contractors, of counsel's firms and to any other employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

(b) any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which counsel reasonably believes the Potential Witness has some prior knowledge, and only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness;

(c) experts or consultants retained by the parties with respect to this action who have signed the form attached hereto as Exhibit A;

(d) the parties; and

(e) any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action.

4. Neither the Confidential Information nor its contents shall be used for any purpose unrelated to this action.

5. Attorneys' Eyes Only documents and information may be used only in connection with this litigation and may only be disclosed to those persons entitled to receive CONFIDENTIAL information under paragraphs 3(a) and (c), provided, however, that such material and information may only be disclosed to such persons to the extent reasonably necessary to the conduct of this litigation;

6. Before disclosure of any protected material is made to any person described in paragraph 3(b), (c) and (d), such person shall sign the form attached hereto as Exhibit A to confirm:

    a. that the signatory has read, understands, and will abide by the terms of this Order;

    b. that the signatory will not disclose the protected document or the information contained therein to any person not authorized by this Paragraph to receive disclosure or use the protected document or information for any purpose other than the conduct of this litigation; and

    c. that the signatory understands that unauthorized disclosure of the protected documents may constitute contempt of court.

The statements so obtained shall be deemed work product, and the party who obtains them shall retain them during the course of this litigation, provided, however, that such statements shall be subject to production in any, action or proceeding to enforce the terms of this agreement or to punish any violation of this agreement.

5. The parties shall destroy or return all Confidential Information to the party who designated it as such within thirty (30) days after the final resolution of this action, including any Confidential Information disclosed under Paragraph 3, supra.

6. The provisions of this Order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at any stage of this litigation as necessary, including but not limited to, attachments to pleadings, exhibits to depositions or at trial.

7. The parties understand that Confidential Information filed in the Court will only be under seal or closed from the public upon motion and a showing of compelling reason pursuant to local rules D.C.COLO.LCIVR 7.2 and 7.3. When possible, the parties will motion the Court to Order Confidential Information filed with the Court under seal or closed to the public.

8. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals there from, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

9. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Stipulated by:

_[signature]_
Denise D. Riley, No. 33944
Aimee H. Wagstaff, No. 36819
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, Colorado 80202

*Attorneys for Plaintiff Amkor Natural Gas Company & Third-Party Defendant ichael Gregory*

James Kilroy, No. 20871
Christine Garrison, No. 35718
Snell & Wilmer, LLP
1200 17th Street, Suite 1900
Denver, Colorado 80202

*Attorneys for Cross-claim Defendants RnD Energy, LLC & Rhett Shumway*

David Palmer, No. 2634
Cuneyt A. Akay, No.
Greeberg Traurig, LLP
1200 17th Street, Suite 240
Denver, Colorado 80202

*Attorneys for Cross-claim Defendant Asgard Energy, LLC*

Paul R. Franke, III, No. 12275
Tasha Power, No. 36750
Franke Greenhouse List & Lippitt LLP
Granite Building, Second Floor
1228 Fifteenth Street
Denver, Colorado 80202

*Attorneys for Defendant/ Counterclaim Plaintiff Spark Energy Gas, LP*

DATED this 18th day of December 2008.

BY THE COURT:

_[signature]_
Richard P. Matsch
Senior District Judge

Stipulated by:

| | |
|---|---|
| Denise D. Riley, No. 33944<br>Aimee H. Wagstaff, No. 36819<br>Kamlet Shepherd & Reichert, LLP<br>1515 Arapahoe Street, Tower 1, Suite 1600<br>Denver, Colorado 80202<br><br>*Attorneys for Plaintiff Amkor Natural Gas Company & Third-Party Defendant ichael Gregory* | James Kilroy, No. 20871<br>Christine Garrison, No. 35718<br>Snell & Wilmer, LLP<br>1200 17th Street, Suite 1900<br>Denver, Colorado 80202<br><br>*Attorneys for Cross-claim Defendants RnD Energy, LLC & Rhett Shumway* |
| David Palmer, No. 2634<br>Cuneyt A. Akay, No.<br>Greeberg Traurig, LLP<br>1200 17th Street, Suite 240<br>Denver, Colorado 80202<br><br>*Attorneys for Cross-claim Defendant Asgard Energy, LLC* | Paul R. Franke, III, No. 12275<br>Tasha Power, No. 36750<br>Franke Greenhouse List & Lippitt LLP<br>Granite Building, Second Floor<br>1228 Fifteenth Street<br>Denver, Colorado 80202<br><br>*Attorneys for Defendant/ Counterclaim Plaintiff Spark Energy Gas, LP* |

DATED this ___ day of _____ 2008.

BY THE COURT:

_____
Richard P. Matsch
Senior District Judge

Stipulated by:

---

Denise D. Riley, No. 33944
Aimee H. Wagstaff, No. 36819
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, Colorado 80202

*Attorneys for Plaintiff Amkor Natural Gas Company & Third-Party Defendant ichael Gregory*

---

James Kilroy, No. 20871
Christine Garrison, No. 35718
Snell & Wilmer, LLP
1200 17th Street, Suite 1900
Denver, Colorado 80202

*Attorneys for Cross-claim Defendants RnD Energy, LLC & Rhett Shumway*

---

David Palmer, No. 2634
Cuneyt A. Akay, No.
Greeberg Traurig, LLP
1200 17th Street, Suite 240
Denver, Colorado 80202

*Attorneys for Cross-claim Defendant Asgard Energy, LLC*

---

Paul R. Franke, III, No. 12275
Tasha Power, No. 36750
Franke Greenhouse List & Lippitt LLP
Granite Building, Second Floor
1228 Fifteenth Street
Denver, Colorado 80202

*Attorneys for Defendant/ Counterclaim Plaintiff Spark Energy Gas, LP*

---

DATED this ___day of_____ 2008.

BY THE COURT:

---

Richard P. Matsch
Senior District Judge

Stipulated by:

Denise D. Riley, No. 33944
Aimee H. Wagstaff, No. 36819
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, Colorado 80202

***Attorneys for Plaintiff Amkor Natural Gas
Company & Third-Party Defendant ichael
Gregory***

*Christina M. Garrison* (signature)

James Kilroy, No. 20871
Christine Garrison, No. 35718
Snell & Wilmer, LLP
1200 17th Street, Suite 1900
Denver, Colorado 80202

***Attorneys for Cross-claim Defendants
RnD Energy, LLC & Rhett Shumway***

David Palmer, No. 2634
Cuneyt A. Akay, No.
Greeberg Traurig, LLP
1200 17th Street, Suite 240
Denver, Colorado 80202

***Attorneys for Cross-claim Defendant
Asgard Energy, LLC***

Paul R. Franke, III, No. 12275
Tasha Power, No. 36750
Franke Greenhouse List & Lippitt LLP
Granite Building, Second Floor
1228 Fifteenth Street
Denver, Colorado 80202

***Attorneys for Defendant/
Counterclaim Plaintiff Spark Energy
Gas, LP***

DATED this ___ day of _____ 2008.

BY THE COURT:

Richard P. Matsch
Senior District Judge

# **UNDERTAKING**
## Exhibit A to Stipulated Protective Order Relating to Discovery

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. I have received a copy of the Stipulated Protective Order in case of *Amkor Natural Gas Company v. Spark Energy Gas, LP v. Michael Gregory, Rhett C. Shumway, RnD Energy, LLC and Asgard Energy, LLC;* Case No. 08-cv-01291 in the United States District Court for the District of Colorado.

2. I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulated Protective Order.

3. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

_____

Subscribed and sworn to before me this _____ day of _____, 20___.

_____
Notary Public, _____ County,